WILLIAM D. SPENCER, JR., ADMINISTRATOR *AD PROSE-QUENDUM* OF THE ESTATE OF HELEN CAROL SPENCER, AN INFANT, DECEASED, AND WILLIAM D. SPENCER, JR., GENERAL ADMINISTRATOR, *ETC.*, PLAINTIFF-RESPONDENT-APPELLANT, v. RECREATION COMMISSION OF NORTH PLAINFIELD AND ERIC G. KIRCHBERGER, DEFENDANTS-APPELLANTS-RESPONDENTS, AND HERBERT FELLER, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued March 3, 1959—Decided March 17, 1959.

*Mr. Joseph H. Indick* argued the cause for appellants (*Messrs. Forman and Forman,* attorneys; *Mr. Joseph H. Indick,* of counsel and on the brief).

*Mr. John F. Leonard* argued the cause for respondents Recreation Commission of North Plainfield, *et al.*

*Mr. Paul B. Thompson* argued the cause for respondent Walter Baxter (*Messrs. Emory, Langan, Lamb & Blake,* attorneys; *Mr. Paul B. Thompson,* of counsel and on the brief).

*Mr. William B. Rosenberg* argued the cause for respondent Fred H. Green, Jr. (*Messrs. Blumberg & Rosenberg,* attorneys; *Mr. William B. Rosenberg,* of counsel and on the brief).

The opinion was delivered

PER CURIAM. We granted plaintiff's petition for certification of the judgment of the Appellate Division reversing a judgment obtained by plaintiff on a jury verdict against the defendant Commission and its employee Kirchberger. 28 *N. J.* 145 (1958). Plaintiff also seeks a review with respect to other defendants who prevailed both in the trial court and the Appellate Division.

This action arose out of the death by drowning of an infant, age 11. The child was one of 67 children taken for an outing at a swimming pool commercially operated by defendant Baxter. The outing was authorized by the Commission. It was planned and conducted by Kirchberger who with other employees accompanied the group.

The Appellate Division reversed the judgment obtained by plaintiff because of (1) the admission of expert testimony with respect to a so-called "buddy system," and (2) the failure to charge that the Commission and Kirchberger were not insurers.

 The child was swimming alone in the deep end of the pool when she went down unnoticed. After an undisclosed interval, an adult bather chanced to see the lifeless form at the bottom of the pool. In these circumstances, plaintiff offered proof of the "buddy system." Under it, infants are paired, directed to stay with each other in the water, and to join and raise their hands periodically upon the blowing of a whistle. The testimony was that the system is used at camps with respect to lake bathing, but there was no evidence of its use at pools of the kind here involved. Moreover, the owner, Baxter, testified that he would have forbidden the use of a whistle, since the lifeguards employ that means to attract bathers whose deportment is objectionable. The trial judge specifically charged that he admitted testimony of the "buddy system" not because it was the way that care should have been exercised but rather to give the jurors an idea of the type of techniques that could have been employed. Thus, for example, the jurors could well have concluded that a system of pairing-off the children (without the use of a whistle) was required by reasonable care and would have prevented the tragedy. We think it was within the sound discretion of the court to receive the evidence for the limited purpose described.

 The Commission and Kirchberger requested an instruction that they "were not insurers of the safety of the Plaintiff's decedent" while she was in the pool. The trial court charged that "the owner of a swimming pool is not an insurer for the safety of his patrons, but he does owe a duty * * * of exercising reasonable care * * *." After two sentences relating to the owner, the court continued "So too the Recreation Commission, the law places upon it as an entity and upon Mr. Kirchberger individually * * * the duty of exercising reasonable and ordinary care * * *." We cannot agree that the jury would have understood that different standards of care were thus projected, with these defendants burdened as insurers. A fair reading is to the contrary. Nor did counsel suggest to the court that his request had not been met. Moreover, the court

charged in harmony with other requests of these defendants that:

"Since the plaintiff seeks to recover damages from the defendants because of the defendants' negligence, the law casts upon the plaintiff the burden of establishing his charges and damages by a preponderance of the credible evidence. In other words, the burden of proof is on the plaintiff to establish all the elements of his case and in the absence of such proof there can be no recovery. The mere happening of an accident whether it results in injury or damage or not, of itself provides no basis for a damages award. Negligence is never presumed; it must be proven. In fact there is a presumption against negligence."

We cannot see a basis for complaint.

We find no merit in the further contentions urged by these defendants to support the judgment of the Appellate Division.

With respect to the remaining defendants who were relieved either by the action of the trial court or the verdict of the jury, we agree with the Appellate Division that there is no basis to disturb the judgments in their favor.

The judgment of the Appellate Division is accordingly reversed with respect to the Commission and Kirchberger and plaintiff's judgment against them in the trial court is affirmed. The judgment of the Appellate Division is affirmed as to the remaining defendants.

*For reversal in part and affirmance in part*—Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*Opposed*—None.